

Robert J. Pariser
212-915-5927 (Direct)
Robert.Pariser@wilsonelser.com

December 29, 2015

**BY E-FILING**

The Honorable Peggy Kuo, U.S.M.J.
United States District Court
Eastern District of New York
255 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Yun Fang Teng, Eshin Nee, and Ming Hong Han v. World Journal LLC and Jen Feng Yang*
     Index No.: 15 Civ. 3743
     Our File No.: 09824.00796

Honorable Magistrate Judge Kuo:

    We represent the defendants in the above-referenced matter. We are writing in response to the letter filed by C.K. Lee, Esq., current counsel for the plaintiffs, informing this Court that the plaintiffs will not be opposing defendants' pending Motion to Disqualify Plaintiffs' Attorneys as Counsel and requesting that the defendants be given ninety (90) days to retain alternate counsel.

    While the defendants do not oppose the plaintiffs' request for time to retain alternate counsel, the defendants do respectfully request that the plaintiffs be constrained to a sixty (60) day extension because this is the plaintiffs' second request for an adjournment of deadlines in order to obtain alternate counsel. The first request was made by letter (Docket #11), dated October 1, 2015; the plaintiffs' counsel withdrew this letter on the record at a pre-motion before the Honorable Judge Margo K. Brodie on October 20, 2015.

    The defendants also respectfully request that this Court apply the briefing schedule set forth in the letter (Docket #13), dated November 2, 2015 and Ordered by the Honorable Judge Brodie on November 3, 2015 to the defendants' pending Motion to Disqualify Plaintiffs' Counsel. A determination on the merits of this motion remains relevant because Mr. Lee has made representations to the undersigned that he would be referring the matter to another attorney, which the undersigned understands to mean that Mr. Lee will be paid a referral fee.

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris
wilsonelser.com

7182892v.1

Pursuant to Rule 1.9[1] of the New York Rules of Professional Conduct and Opinion 745[2] of the New York State Bar Association Committee on Professional Ethics (July 18, 2001), disqualified attorneys under the instant circumstances must obtain the defendants' consent before receiving such a fee.

Were one to view Mr. Lee's actions cynically, it would seem that he is magnanimously offering to withdraw as counsel to avoid disqualification that would negate his entitlement to a referral fee. Should this Court allow Mr. Lee to withdraw, rather than determine the Motion to Disqualify on its merits, Mr. Lee would not be deterred from taking other such cases in the future. Doing so not only wastes judicial resources by necessitating motion practice but also unjustly enriches Lee Litigation because one can assume it is paid both by its clients and later by replacement counsel for a referral.

In the alternative, the defendants respectfully request that this Court require Mr. Lee to affirm either in writing or on the record that neither he nor any attorney in Lee Litigation Group, PLLC, will:

(1) Receive a referral fee from replacement counsel;

(2) Share any confidential information or litigation strategy with replacement counsel; to the extent any such information is contained in the firm's file, it will be removed before being transferred;

(3) Have any further involvement in the instant matter, including in a consulting or advisory capacity to replacement counsel;

---

[1] (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client

(1) whose interests are materially adverse to that person; and

(2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;

unless the former client gives informed consent, confirmed in writing.

[2] A disqualified lawyer cannot assume "joint responsibility" for a matter and therefore, may not be paid a referral fee, unless the referring lawyer obtains client consent under the same standard that would have allowed the lawyer to accept or continue "sole responsibility" for the matter.

WILSON ELSER

(4)   Be given any portion of fees paid by the plaintiffs to replacement counsel; or

(5)   Share in any monies paid in the event that the plaintiffs are awarded a judgment or receive a settlement payment.

We thank the Court for its attention to this matter.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*R. Pariser*

Robert J. Pariser (RP0276)
Julie L. Mercer (JM8470)


CC:   The Honorable Margo K. Brodie, U.S.D.J.
      All parties via ECF

3